**Alvin CHANCE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19597.**

United States Court of Appeals
Fifth Circuit.

May 5, 1964.

474

J. Edward Worton, Joseph P. Manners, Miami, Fla., for appellant.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., J. Frank Cunningham, Marshall TaMor Golding, attys., Crim. Div., Dept. of Justice, Washington, D. C., Herbert J. Miller, Asst. Atty. Gen., Edith House, U. S. Atty., Southern Dist. of Florida, for appellee.

W. Sanders Gramling, W. G. Ward, Miami, Fla., Chester Bedell, Jacksonville, Fla., William C. Steel, George F. Gilleland, Miami, Fla., amici curiae.

Before BROWN, Circuit Judge, and WHITEHURST, District Judge.*

PER CURIAM:

In the Petition for Rehearing the Appellant (1) attacks the substantive merits of the Court's opinion and (2) as new matter challenges the legality or propriety of Judge Whitehurst's participation in the decision of this Court as a Judge designated and assigned to sit as a member thereof under 28 U.S.C.A. §§ 292(a), 43(b). The Court is unanimously of the view that the challenge is unfounded and adopts as its own the following from the opinion prepared by Judge Cameron just prior to his death:

Alvin Chance was indicted by a grand jury in the United States District Court for the Southern District of Florida, Miami Division, on August 2, 1961, on a charge of violation of and conspiracy to violate §§ 5205(a), 5604(a) (1), 5686 (a), and 7206(4) of Title 26, U.S.C. (possession, transportation, removal and concealment of non-taxpaid whiskey), and was tried before a jury and convicted March 6, 1962. On March 23, 1962, he was sentenced to one year and one day imprisonment, and gave notice of appeal to this Court on March 30, 1962. He promptly entered upon the service of his term of imprisonment, however, and was released on December 28, 1962. Meantime, he had, on December 4, 1962, filed his brief in this Court. During the months of December 1962 and January 1963, six attorneys appeared and filed or joined in briefs as amici curiae, having been granted permission so to do by orders of this Court. These attorneys represented litigants who had been indicted by the same grand jury as Chance.

The judgment of conviction was appealed to this Court upon the charge that the court below had erred in denying the appellant's motion to dismiss the indictment on the ground that the grand jury which had returned it had been summoned and empaneled contrary to law. The appeal was heard by a panel of this Court consisting of Judges Cameron and Brown, Circuit Judges, and Judge Whitehurst, District Judge. The opinion, 322 F.2d 201, et seq., was filed by Judge Whitehurst with the concurrence of Judge Cameron, Judge Brown dissented.

Judge Whitehurst had retired as a District Judge, but was serving upon special designation as a member of this Court.

The case was argued and submitted on April 8, 1963, and was in due time decided by the Court. At no time until the petition for rehearing was filed did any lawyer mention the possibility that Judge Whitehurst might be disqualified to participate in the decision of the case. Some of the attorneys who appeared as amici curiae were present at the time of

* As reflected in the opinion, Judge Cameron had joined in this disposition just prior to his death.

the oral argument and the attorney representing appellant Chance was, at that time and is now, attorney for other litigants interested in the same question which was presented in the Chance case.

The essence of appellant's contention, joined in by each of the *amici*, is that Judge Whitehurst, having been Chief Judge of the Southern District of Florida, "may not reasonably be regarded as occupying a position of strict impartiality in respect to the validity of the jury selection procedures that prevailed in that district." In support of this contention, appellant points out that Judge Whitehurst was chief judge of said district from May 1, 1959 until May 18, 1961; that during his tenure, the Miami jury box was replenished, the challenged grand jury was drawn from the replenished box and empaneled; an indictment was returned by said grand jury in the case of United States v. Meyer et al., No. 12,007-M-Cr. from which the record in this case derives, and a challenge to the grand jury was asserted in that case; that during his tenure, the Orlando jury box was also filled and thereafter successfully challenged; that Judge Whitehurst himself presided at the trial of, and sentenced after conviction, two defendants indicted by the challenged grand jury. Appellant argues that "it is unrealistic to suppose that until this case was submitted to this Court Judge Whitehurst was unconcerned with and without knowledge of and attitudes about the juror selection procedures prevailing in the district."

Appellant does not charge, however, that a jury challenge was raised in either of the two cases mentioned or that Judge Whitehurst ever actually considered and ruled on a jury challenge or was advised that any such challenge had been made. The indictment here was returned and the jury challenge filed in this case after the expiration of Judge Whitehurst's tenure as chief judge.

It is the Government's position that Judge Whitehurst's presence on the panel that heard and considered this case was not error and furthermore that, under all of the circumstances, appellant's failure to make timely objection to the presence of Judge Whitehurst on the panel constituted a waiver, alleviation or absolution of any possible objection to his acting on the panel which heard the case.

Appellant never specifically points out why Judge Whitehurst may have been disqualified. A disqualification is normally predicated upon one of the two statutes copied in the margin.[1]

It is obvious that Judge Whitehurst did not, as a trial judge, decide this case nor try any issue relating to it. He had not previously "expressed or formed an opinion in the court of the first instance." Moran v. Dillingham, 174 U.S. 153, 157, 19 S.Ct. 620, 622, 43 L.Ed. 930. The issue had never been raised in cases tried by him (assuming that it be material that he had presided at the trial of other defendants indicted by the grand juries in question), and he had nothing to do with the proceeding in this case before it was appealed. He had made no prior ruling on the question presented here in this case or in any other case.

The grand jury involved here is a different grand jury from that which returned the indictment dismissed by Judge Lieb in United States v. Hoffa, D. C., 196 F.Supp. 25. Although Judge Whitehurst was chief judge at the time the indictment in which the *amici* are interested was returned, he had moved

---

1. 28 U.S.C.A. § 47:
   "Disqualification of trial judge to hear appeal
   "No judge shall hear or determine an appeal from the decision of a case or issue tried by him."
   28 U.S.C.A. § 455:
   "Interest of justice or judge
   "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein."

away from the vicinity of the trial and was making his home in Tampa and sat in Miami only occasionally. Judges Simpson and Dyer, of the District Court for the Southern District of Florida, had heard motions to quash the indictment here involved and had denied the motions.

The farthest appellants go is to charge by insinuation that Judge Whitehurst must have known or have constructively acquired prior knowledge concerning the grand jury selection in the Southern District of Florida. In our opinion, this charge is not material. If this were not so, it would logically follow that all Southern District of Florida District Judges were disqualified to hear initially grand jury challenges in that district.

We find that the rash and unjustified attack made upon Judge Whitehurst's participation in the decision of this case is wholly without merit. By his concurrence in this opinion, Judge Whitehurst certifies that he knows of no fact or thing which, under the law, would tend to disqualify him from participating in the decision of this case.

The Petition for Rehearing is denied.